UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERESA ROWELL,                                    **COMPLAINT**

                                                               **16 cv 10062**
                                                               **ECF Case**
                       Plaintiff,
       vs.

The CITY OF NEW YORK,
NEW YORK CITY DETECTIVE
WILLIAM DUNN,                                      **JURY TRIAL DEMANDED**
in his individual and official capacity,

                     Defendants.
------------------------------------------------------------x

Plaintiff Theresa Rowell, by her attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the false arrest and malicious prosecution of Theresa Rowell ("Plaintiff"), who was arrested on the basis of a clearly false accusation. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendant for false arrest and malicious prosecution, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and Plaintiff resides in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff Theresa Rowell is an African-American woman, a citizen of the United States, and at all relevant times a resident of the City of New York, State of New York.

6. The individually named defendant Detective William Dunn, Shield #6684 ("Det. Dunn") (the "individual defendant") is and was at all times relevant herein an officer, employee and agent of the New York City Police Department ("NYPD").

7. Upon information and belief, on the date of the incident giving rise to this complaint, the individual defendant was assigned to the NYPD 23rd Precinct Detective Squad in Manhattan.

8. The individual defendant is sued in his individual and official capacity. At all times mentioned herein, the individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9.     Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

10.    On July 11, 2015, Plaintiff was feeling sick and stayed in her Apartment all day.

11.    That day, Plaintiff had no contact with her 6th floor neighbor Aaliyah Soto ("Ms. Soto"), who is a disturbed woman with an irrational hostility toward Plaintiff.

12.    Nevertheless, in an effort to hurt Plaintiff to satisfy her disturbed impulses, Ms. Soto went to the police on or around July 11, 2015, and falsely claimed that Plaintiff had assaulted her inside their building, at 2070 3rd Avenue in East Harlem, Manhattan.

13.    Ms. Soto specifically told Det. Dunn the nonsensical story that Plaintiff struck her face with a frozen gallon of milk, causing a scratch.

14.    It was obvious – or should have been obvious – to Det. Dunn that Ms. Soto had poor credibility and emotional issues, obvious that she was lying and was not motivated by the truth but by a primal desire to hurt Plaintiff.

15.    In fact, Det. Dunn knew that a couple days prior to July 11, 2015, Ms. Soto had called the police on her own boyfriend/husband, named Raymond Soto ("Raymond"), saying that Raymond had assaulted her and inflicted marks on her face.

16.    Det. Dunn knew this because he participated in arresting Raymond for the alleged assault against Ms. Soto.

17.    Det. Dunn arrested Raymond, who lived with Ms. Soto, in Plaintiff's apartment building.

18. Det. Dunn knew that any marks Ms. Soto may have had on her face on July 11, 2015 stemmed from a fight with Raymond, not from Plaintiff.

19. Nevertheless, Det. Dunn exercised no judgment or critical scrutiny and recklessly decided to arrest Plaintiff based on Ms. Soto's illogical story.

20. On July 12, 2015, while Plaintiff was cooking dinner in her Apartment, she heard knocking at the door.

21. When Plaintiff opened the door, she saw two detectives from the 23rd Precinct, including Det. Dunn.

22. The detectives asked if Plaintiff had any problem with Ms. Soto, and indicated that Ms. Soto had accused Plaintiff of striking her with a frozen gallon of milk in the lobby of their apartment building.

23. Plaintiff credibly denied the accusation and explained that she hadn't seen Ms. Soto for about three weeks.

24. Plaintiff further explained that she was sick the prior day and hadn't left the apartment, and she explained Ms. Soto's bizarre behavior toward her.

25. The two detectives did not immediately arrest Plaintiff but told her to come to the 23rd Precinct (the "Precinct") with them.

26. Plaintiff went to the Precinct with the detectives, accompanied by her husband and her daughter-in-law.

27. After getting to the Precinct, Plaintiff was further questioned by Det. Dunn, and she consistently and credibly denied the accusation that she assaulted Ms. Soto.

28. Nevertheless, Det. Dunn informed Plaintiff that she had to be arrested, and he placed Plaintiff under arrest.

29. Prior to arresting Plaintiff, Det. Dunn failed to obtain a sworn statement from Ms. Soto.

30. After being arrested, Plaintiff waited in the Precinct for several hours, then she was issued a Desk Appearance Ticket ("DAT").

31. When Plaintiff went to New York County Criminal Court, as mandated by the DAT, she was arraigned and charged with the misdemeanor of Assault in the Third Degree, under Docket Number 2015NY051135.

32. The Criminal Court Complaint, sworn to by Det. Dunn, alleges that Ms. Soto "observed the defendant [Plaintiff] strike her about the face with a plastic bag that contained a small unknown object, causing a scratch to the right side of her face and substantial pain."

33. At the request of the New York County District Attorney, the Criminal Court Judge issued a full order of protection against Plaintiff, ordering Plaintiff to stay away from Ms. Soto during the pendency of the prosecution.

34. Plaintiff was released on her own recognizance and ordered to return to Criminal Court on a future date.

35. After about three required court appearances in Criminal Court, the prosecution against Plaintiff was dismissed on February 8, 2016.

36. The District Attorney's Office dismissed the prosecution against Plaintiff because it had obtained recordings of Ms. Soto plotting to falsely set up Plaintiff for criminal wrongdoing.

37. Raymond had secretly recorded these malicious plots of Ms. Soto and had provided the recordings to the DA's office.

38. About one week after the dismissal of the prosecution, Plaintiff went to the Precinct to present Det. Dunn with the certificate of disposition and explain that the case against her had been dismissed.

39. When Det. Dunn heard about the outcome of the prosecution, he appeared remorseful and told Plaintiff: "I knew it wasn't right. I knew she was lying," referring to Ms. Soto.

40. The NYPD failed to supervise and discipline the individual defendant despite his history of malicious and reckless behavior, ignoring the risk that he would engage in future misconduct, thereby encouraging him to continue to abuse his powers and violate the rights of civilians.

41. Proportionate and appropriate discipline sends a message to NYPD officers that they are not above the law and are accountable to the people whom they serve.

42. The inadequacy of the NYPD's supervision and discipline with respect to reckless and malicious officers is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

43. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Severe emotional trauma, distress, degradation, and suffering;

## **SECTION 1983 CLAIMS**

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

44. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

45. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

46. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

47. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50. By the actions described above, the individual defendants deprived Plaintiff of her federal civil rights, including her Fourth Amendment right to be secure in her person against unreasonable searches and seizures, specifically her right to be free of false arrest.

51. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

52.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution Under Section 1983

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54.     By the actions described, the individual defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from malicious prosecution.

55.     Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff.  In doing so, the individual defendants acted with actual malice, with reckless disregard for Plaintiff's innocence, doing so not to bring an offender to justice but to degrade Plaintiff.

56.     As a result of the malicious prosecution, Plaintiff was ordered, under threat of warrant and arrest, to return to court, and Plaintiff had an order of protection issued against her.

57.     The criminal proceeding terminated in Plaintiff's favor when all charges against her were dismissed.

58.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Municipal Liability Under Section 1983

59.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. By the actions described, the Defendant City deprived Plaintiff of her Fourth Amendment right to be free of false arrest, malicious prosecution, and excessive force through its policy and custom of having flaccid supervision and weak disciplinary measures for NYPD officers who have histories of misconduct.

61. By tolerating weak and ineffectual means of supervising, regulating, sanctioning, disciplining, and monitoring malicious officers, Defendant City has intentionally disregarded the constitutional rights of New Yorkers.

62. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Theresa Rowell in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.

DATED: December 30, 2016  
New York, New York

_____/s/_____  
CYRUS JOUBIN, ESQ.  
43 West 43rd St., Suite 119  
New York, NY 10036  
(703) 851-2467  
joubinlaw@gmail.com  
Attorney for Theresa Rowell